**Maria De Jesus PEREZ GONZALES,**
**Petitioner,**

v.

**John ASHCROFT, Respondent,**

No. 02–73451.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Nov. 5, 2004.

Peter R. Afrasiabi, Esq., Orange, CA, for Petitioner.

Maria De Jesus Perez Gonzalez, Sylmar, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Julia K. Doig, Esq., Joan E. Smiley, Esq., David M. McConnell, U.S. Department of Justice, Washington, DC, for Respondent.

Before: T. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM [1]

Maria De Jesus Perez Gonzales ("Perez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's final order affirming the Immigration Judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Perez claims that her due process right to a full and fair hearing was violated because the IJ failed to consider the impact that severing her family unit would have on her United States citizen son when determining hardship. The record demonstrates otherwise. The IJ did consider, both during the hearing and in her oral decision, the impact Perez's deportation would have on her citizen son, including the effect of being separated from his father, a permanent legal resident. Therefore the IJ's decision was not "so fundamentally unfair" as to constitute a due process violation. *Ryes–Melendez v.*

---

**1.** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*INS,* 342 F.3d 1001, 1006 (9th Cir.2003) (citation and internal quotation marks omitted). Moreover, there is no evidence in the record to suggest that the IJ failed to act as a neutral fact-finder. *See id.* at 1007 (finding that repeated snide comments and innuendo suggested that IJ was not acting as neutral fact-finder).

Perez also contends that the deportation order violates her substantive due process rights by infringing on her constitutional right to preserve her family unit. Aliens have no fundamental right to remain in the United States and "Congress has exceedingly broad power over the admission and expulsion of aliens." *Shaar v. INS,* 141 F.3d 953, 958 (9th Cir.1998). Given the "limited scope of judicial inquiry into immigration legislation," *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977), we cannot broadly rule that every deportable alien with a citizen or legal resident family member who may choose to stay in the United States-resulting in separation of a family unit-has a constitutional right to remain in the United States.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Perez's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal. The stay of the voluntary departure will expire upon issuance of the mandate and time. remaining in the voluntary departure period will begin to run at that time.

DENIED.

